UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 16-24923-CIV-MORENO

ALPES CONDO, LLC,

        Plaintiff,

vs.

ALBERT BORRETT,

        Defendant.

_____/

## ORDER OF REMAND

THIS CAUSE came before the Court upon the Court's Notice of Court Practice in Removal Cases **(D.E. 6)**, filed on **December 6, 2016** and Plaintiff's Motion for Remand **(D.E.5)** filed on **November 30, 2016.**

In the Court's Notice, the Court instructed the Defendant Albert Borrett to file a Removal Status Report by **December 15, 2016**. The Court warned that a failure to comply would result in a remand. As of the date of this Order, the Defendant has failed to comply with the Court's Order. In addition, the Court agrees with the Plaintiff that this Court lacks federal jurisdiction over this landlord-tenant dispute. It is

**ADJUDGED** that the motion for remand is GRANTED and this Case is REMANDED to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Clerk of the Court is hereby directed to take all necessary steps and procedures to effect the expeditious remand of the above-styled action.

The burden of establishing federal jurisdiction falls on the party who is attempting to invoke the jurisdiction of the federal court. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S.

178, 189 (1936). Courts should strictly construe the requirements of 28 U.S.C. §1441 (removal jurisdiction) and remand all cases in which such jurisdiction is doubtful. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Moreover, removal statutes are construed narrowly, and when the plaintiff and defendant clash on the issue of jurisdiction, uncertainties are resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Plaintiff's complaint raises a run of the mill eviction matter under Florida Statute § 83 and Florida's summary eviction proceedings under Florida Statute § 51.011. Defendant cannot remove an eviction proceeding by claiming discrimination. *See Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125 (1974) ("The federal question must be disclosed on the face of the complaint unaided by the answer."). Accordingly, there is a lack of federal question jurisdiction and a lack of diversity jurisdiction. Plaintiff is a Florida corporation that owns the condominium unit where Defendant resides. Plaintiff has also indicated that the amount in controversy is not met in this case. Accordingly, the Court finds that remand is appropriate.

DONE AND ORDERED in Chambers at Miami, Florida, this  22  of December 2016.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Clerk of the Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida